```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


JOSEPH PATRICK FRASCOGNA                              PLAINTIFF


VS.                             CIVIL ACTION NO. 3:04CV464LN


GENERAL ELECTRIC CAPITAL CONSUMER CARD COMPANY        DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Joseph Patrick Frascogna to set aside judgment of dismissal and for leave to file out-of-time amended complaint and for sanctions and costs. Defendant General Electric Capital Consumer Card Company (GECCCC) has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiff's motion should be denied.

This court entered an order on January 27, 2005 granting a motion by defendant for summary judgment, the same having been confessed by plaintiff, but also granting the plaintiff five days within which to file an amended complaint, "barring which the complaint will be dismissed in its entirety." On February 22, 2005, the court entered a judgment of dismissal based on plaintiff's failure to file his amended complaint. Thereafter, on March 31, 2005, plaintiff filed the present motion, asking that

the court set aside the final judgment and allow him to file his amended complaint out of time.

Rule 60 of the Federal Rules of Civil Procedure, which governs the present motion, provides that

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Plaintiff here submits that the only reason he did not file an amended complaint in accordance with the court's order of January 27 was "due to the clear understanding established between his counsel and local counsel for GECCCC . . . . that the essential terms of [a] settlement had been agreed to and upon which both parties had begun performance thereof."  However, while the parties were obviously well along the path toward settlement at the time the court's order was entered, the terms of a settlement had not been finalized at that point; and in fact, the parties ultimately did not reach a final settlement agreement.  Although

2

plaintiff now characterizes the sole detail that remained to be resolved as minor, that detail being his insistence that the agreement incorporate plaintiff's proposed definition of the term "late payment," plaintiff made clear in negotiations and remains insistent that this was a critical term from his perspective, without which there was and would be no agreement.

Given that the parties had not achieved a settlement agreement within five days of the court's January 27 order, it was incumbent on plaintiff to either seek an extension of time within which to conclude settlement negotiations, or to protectively file an amended complaint.  He did neither, and contrary to his urging, his failure to do so was not the result of any fraud on the part of defendant, for there is nothing in the correspondence between the parties that could fairly be said to have misled plaintiff as to the status of the settlement negotiations; nor was his failure to take steps to protect his interest in this litigation the product of excusable neglect.  Accordingly, the requested relief is unavailable.

Based on the foregoing, it is ordered that plaintiff's motion to set aside judgment of dismissal and for leave to file out-of-time amended complaint is denied, as is his accompanying request for sanctions and costs.

SO ORDERED this 20th day of July, 2005

                                      /s/ Tom S. Lee
                                      UNITED STATES DISTRICT JUDGE